**Malva E. LESCIUS, Petitioner–Appellant,**

v.

**John ASHCROFT, Attorney General of the United States,\* Respondent–Appellee.**

**No. 04–35294.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.**

Decided Dec. 14, 2004.

Nicholas W. Marchi, Esq., Carney & Marchi, P.S., Seattle, WA, for Petitioner–Appellant.

Christopher Lee Pickrell, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, Audrey B. Hemesath, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Beth Werlin, Esq., American Immigration Law Foundation (AILF), Washington, DC, for Respondent–Appellee.

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

MEMORANDUM ***

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The court sua sponte changes the caption to reflect the proper respondent.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

This case is an appeal from the district court's denial of habeas relief, following denial of asylum and withholding of deportation by an Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA").

The IJ did not deny withholding based on Malva Lescius's having been convicted of a particularly serious crime, but rather, after conducting an evidentiary hearing on the merits of Lescius's withholding claim, properly concluded that she did not meet the objective component required to establish fear of future persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1428 (9th Cir.1995).

*Falcon Carriche v. Ashcroft*, 335 F.3d 1009 (9th Cir.2003), largely forecloses any claim that summary affirmance violated due process, as conceded below. The additional claim, arising from the BIA's failure to remand, also fails. The "new" evidence that Lescius sought to introduce was not relevant to her claim of persecution and thus would not have altered the IJ's findings. Consequently, actual prejudice, as required by *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000), was not demonstrated.

AFFIRMED.